# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Earnest Lee Pittman, Jr., | Case No. 26-cv-1662 (SRN/SGE) |
| Petitioner, | |
| v. | **ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| Jared Rardin, | |
| Respondent.[1] | |

This matter is before the Court on Petitioner Earnest Lee Pittman, Jr.'s Petition for Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1 ("Petition"); and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). (Dkt. 2.) For the following reasons, the Court recommends denying the Petition, dismissing this action, and denying the IFP Application as moot.

On December 14, 2021, Pittman was sentenced to a federal prison term and remanded into federal custody pending transfer to his designated facility. *See* Dkt. 1-2 at 4. He did not arrive immediately; instead, he arrived at that facility (the Federal Correctional

---

[1] In habeas matters, the proper respondent is the person who holds the petitioner in custody—typically the warden or immediate physical custodian of the facility where the petitioner is confined when he files the petition. The Petition's caption lists as this matter's respondents the "Federal Bureau of Prisons, FMC Rochester, [and] Jared Rardin, Warden." *See* Dkt. 1 at 1. The proper respondent in a § 2241 action is the petitioner's immediate physical custodian, so Court recommends *sua sponte* refining the caption. Jared Rardin, in his official capacity as FMC-Rochester's warden, is the sole proper respondent.

Institution in Forrest City, Arkansas) on March 18, 2022. *See, e.g.*, Dkt. 1 at 6; Dkt. 1-2 at 2.

Pittman claims that in June 2025, while reviewing his institutional records, he discovered a discrepancy in his accrual of so-called earned-time credits ("ETCs"). *See* Pet. 2. The records showed that his ETCs under the First Step Act ("FSA")[2] did not begin accruing until March 18, 2022, skipping the period from December 14, 2021, until his arrival at FCI–Forrest City. *See id.* Pittman claims that this 94-day omission cost him 30 to 45 days of ETCs. *See id.* at 3–7.

The Petition raises a conflict between the federal statute on sentence commencement and the BOP's regulation governing the starting date for earning ETCs. The FSA's ETC provision bars a prisoner from earning ETCs for programming completed "during official detention prior to the date that the prisoner's sentence commences under [18 U.S.C. §] 3585(a)." 18 U.S.C. § 3632(d)(4)(B)(ii). Section 3585(a) defines sentence commencement disjunctively: a sentence begins "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Read together, these provisions suggest that ETC eligibility can begin before a prisoner physically arrives at his or her designated BOP facility; it is enough that the prisoner has been received in custody and awaits postsentencing transportation.

---

[2] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (codified as amended in scattered sections of 18, 21, 34, and 42 U.S.C.).

The BOP's implementing regulation, 28 C.F.R. § 523.42(a), states that "an eligible inmate begins earning [ETCs]" only after "the date the inmate arrives or voluntarily surrenders at the designated [BOP] facility where the sentence will be served." By equating sentence commencement solely with arrival at a designated facility, § 523.42(a) arguably conflicts with § 3585(a)'s first trigger (i.e., being "received in custody awaiting transportation") and so narrows ETC eligibility beyond what Congress prescribed. For Pittman, being received into custody on December 14, 2021 but not arriving at his designated facility until March 18, 2022 potentially eliminated about three months of ETC eligibility that § 3632 would seem to permit. A substantial and growing body of district-court authority—including within this District—has found § 523.42(a) to be in conflict with the statutory text. *See, e.g.*, *Maestas v. Eischen*, No. 24-cv-4337 (NEB/SGE), 2025 WL 4037762, at *2 (D. Minn. Oct. 9, 2025), *R&R adopted*, 2026 WL 94417 (D. Minn. Jan. 13, 2026).

The Court need not resolve (or even address) that conflict here, however, because the Petition faces a threshold problem: it fails to allege facts entitling Pittman to relief. Specifically, it fails to allege the critical element of "participation."

The Petition's theory is that because Pittman's sentence had "commenced," under 18 U.S.C. § 3585(a), while he was in transit, he is automatically entitled to ETCs for that period. But ETC eligibility hinges on activity, not just status. *See, e.g.*, *Crayton v. Eischen*, No. 25-cv-1102 (NEB/DLM), 2025 WL 2421014, at *2 (D. Minn. June 12, 2025), *R&R adopted*, 2025 WL 2419594 (D. Minn. Aug. 21, 2025). The FSA requires that a prisoner "successfully complete evidence-based recidivism reduction programming or productive activities" to earn ETCs. 18 U.S.C. § 3632(d)(4)(A). As *Crayton* explained, "[t]he FSA is

3

clear that prisoners are eligible for time credits if, and only if, they are participating in evidence-based recidivism reduction programming or productive activities—that is the whole point." 2025 WL 2421014, at *2 (citing authorities); *see also, e.g.*, *Harper v. Warden, Fed. Prison Camp Duluth*, No. 26-cv-0240 (ECT/LIB), 2026 WL 716902, at *2 (D. Minn. Feb. 13, 2026) (quoting *Crayton*), *R&R adopted*, 2026 WL 715722 (D. Minn. Mar. 13, 2026).

Pittman alleges that he was eligible to earn ETCs after his sentence "commenced," but he does not allege that he actually participated in any specific "evidence-based recidivism reduction programming or productive activities" during the relevant period. That omission is fatal. Without alleging participation, Pittman has not shown that he meets the statutory requirements of § 3632(d)(4). The Court therefore recommends denying the Petition and dismissing this action. Given these determinations, the Court also recommends denying the IFP Application as moot.

A final point: Pittman seeks to seal the entire record in this case, including all filings and proceedings. *See* Pet. 10–11. The common law recognizes a presumptive right of public access to judicial records, though the right is not absolute and may be overcome by countervailing interests. *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–99 (1978). In the Eighth Circuit, sealing requires a careful, case-specific balancing of the interests served by public access against the interests in confidentiality, and courts should consider less restrictive alternatives such as redaction. *See, e.g.*, *IDT Corp. v. eBay*, 709 F.3d 1220, 1223–25 (8th Cir. 2013). Furthermore, in this District, Local Rule 5.6

4

establishes the procedure for sealed filings and confirms that sealing in civil matters requires a statute, rule, or leave of court consistent with the governing standards.

Here, Pittman's request is not narrowly tailored; it seeks blanket sealing of "any and all documents" in the case and does not identify specific passages for redaction or provide a focused sealing proposal under Local Rule 5.6. *See* Pet. 10–11. On preliminary review, the Court cannot justify sealing the entire record on this generalized showing, particularly when less restrictive measures exist. The Court therefore denies (without prejudice) Pittman's request to seal this matter.

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Petitioner Earnest Lee Pittman, Jr.'s request that this action be sealed, Dkt. 1 at 10–11, be **DENIED WITHOUT PREJUDICE**.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. This action's caption be modified to reflect that the sole Respondent here is Jared Rardin;

2. Petitioner Earnest Lee Pittman, Jr.'s Petition for Habeas Corpus Under 28 U.S.C. § 2241, Dkt. 1, be **DENIED**;

3. This action be **DISMISSED**; and

4.       Pittman's Application to Proceed in District Court Without Prepaying Fees or Costs, Dkt. 2, be **DENIED** as moot.

Dated: April 1, 2026                   <u>*s/Shannon G. Elkins*</u>
                                              SHANNON G. ELKINS
                                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).