UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Earnest Lee Pittman, Jr., <br><br> Petitioner, <br><br> v. <br><br> Jared Rardin, <br><br> Respondent. | Case No. 26-CV-1662 (SRN/SGE) <br><br><br> **ORDER** |

Earnest Lee Pittman, Jr., Reg. No. 07975-509, FMC-Rochester, P.O. Box 4000, Rochester, MN 55903, Petitioner

David W. Fuller and Justin Merak Page, U.S. Attorney's Office, 300 S. 4 St., Ste. 600, Minneapolis, MN 55415, for Respondent

SUSAN RICHARD NELSON, United States District Judge

Before the Court are the Objections [Doc. No. 10] filed by Petitioner Earnest Lee Pittman, Jr., to the April 1, 2026 Report and Recommendation ("R&R") [Doc. No. 9] issued by Magistrate Judge Shannon G. Elkins. In the R&R, Magistrate Judge Elkins recommended that Petitioner's Petition for Writ of Habeas Corpus ("Petition") [Doc. No. 1] be denied and this action be dismissed. Therefore, she also recommended that Mr. Pittman's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] be denied as moot. For the reasons set forth below, Mr. Pittman's Objections are overruled and the R&R is adopted in its entirety.

1

## I.    BACKGROUND

In December 2021, Mr. Pittman was sentenced by the U.S. District Court for the Middle District of Pennsylvania to a 120-month term of imprisonment. (*See United States v. Pittman*, No. 20-cr-0213 (RDM) (M.D. Pa. Dec. 15, 2021)). He was remanded to federal custody pending transfer to his designated facility. (R&R at 1.) The Bureau of Prisons ("BOP") did not transfer Mr. Pittman to his designated facility, FCI-Forrest City, until March 18, 2022. (*Id.* at 1–2.) He is currently housed at FMC-Rochester, in Rochester, Minnesota.

In his Petition for Writ of Habeas Corpus, Mr. Pittman claims that he is entitled to Earned Time Credits ("ETCs") from December 14, 2021 through his arrival at FCI-Forrest City, but the BOP has declined to award credits for this interim period. (Pet. at 2–7.) Prisoners may receive ETCs after successfully completing evidence-based recidivism reduction programs. 18 U.S.C. § 3632(d)(4)(A) (noting that "[a] prisoner . . . who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits. . . ."). By earning ETCs, prisoners may be eligible for early release from custody. *See* 18 U.S.C. §§ 3632(d)(4)(C), 3624(g)(1)(A).

Mr. Pittman contends that the 94-day period between sentencing and his arrival at FCI-Forrest City resulted in the loss of 30 to 45 days of ETCs. He asks the Court to require the BOP to award him ETCs for that period, resulting in an earlier release to home confinement. (Pet. at 8.) In addition, he asks the Court to seal the entire record in this case. (*Id.* at 10–11.)

In the R&R, Magistrate Judge Elkins observed that Mr. Pittman's Petition raised a conflict between the federal statute on sentence commencement and the BOP's regulation governing the starting date for earning ETCs. (R&R at 2–3.) The statute suggests that ETC eligibility can begin before a prisoner physically arrives at his or her designated BOP facility, while the BOP's implementing regulation, 28 C.F.R. § 523.42(a), states that ETCs may only be earned after the date the inmate arrives or voluntarily surrenders at the designated BOP facility. Magistrate Judge Elkins further observed that a substantial and growing body of district-court authority has found the regulation to be in conflict with the statute. (R&R at 3) (citing, *e.g., Maestas v. Eischen*, No. 24-cv-4337 (NEB/SGE), 2025 WL 4037762, at *2 (D. Minn. Oct. 9, 2025), *R&R adopted*, 2026 WL 94417 (D. Minn. Jan. 13, 2026)).

However, Magistrate Judge Elkins found no need to resolve this conflict because Mr. Pittman failed to allege facts showing participation in the requisite programming during the relevant time. (*Id.*) (citing 18 U.S.C. § 3632(d)(4)(A)) (requiring a prisoner to "successfully complete evidence-based recidivism reduction programming or productive activities" to earn ETCs); and *Crayton v. Eischen*, No. 25-cv-1102 (NEB/DLM), 2025 WL 2421014, at *2 (D. Minn. June 12, 2025) (stating, "The FSA is clear that prisoners are eligible for time credits if, and only if, they are participating in evidence-based recidivism reduction programming or productive activities—that is the whole point.")). Because Mr. Pittman failed to allege that he participated in such programming during the relevant period, Magistrate Judge Elkins recommended the denial of his Petition. (*Id.* at 4.)

In addition, Magistrate Judge Elkins recommended the denial of Mr. Pittman's request to seal the entire record in the case, finding that his request was impermissibly broad.[1]  (*Id.* at 4–5.)

In his Objections, Mr. Pittman argues that he should not be denied ETCs during the relevant time because the BOP failed to offer any sort of programming.  (Pet'r's Objs. at 1.)  He contends that he "should not be punished simply due to BOP issues" by being denied credits "due to BOP neglect."  (*Id.* at 1–2.)  If he had been offered qualifying programming, Mr. Pittman maintains that he would have taken full advantage of it.  (*Id.*)

## II.   DISCUSSION

Pursuant to statute, the Court has conducted a *de novo* review of the record, 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b), and because Mr. Pittman is self-represented, his Objections have received liberal construction.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Based on that review, the Court adopts the R&R.  As Mr. Pittman concedes, he did not participate in any qualifying programming during the period between his sentencing and his arrival at his then-designated facility, FCI-Forrest City.  Magistrate Judge Elkins explained that the law requires such participation as a pre-condition for receiving ETCs.  (R&R at 3–4) (citing 18 U.S.C. § 3632(d)(4)(A); and *Crayton*, 2025 WL 2421014, at *2).  While the Court commends Mr. Pittman for his subsequent participation in programming and

---

[1] The magistrate judge also recommended that the case caption be updated to reflect the correct defendant, Jared Rardin, Warden of FMC-Rochester, and not the BOP and FMC-Rochester.  (R&R at 1 n.1.)  As the magistrate judge observed, the proper respondent is the petitioner's immediate physical custodian.  (*Id.*)

productive activities, and his apparent lack of any disciplinary history, (*see* Objs. at 1), it cannot award his requested relief.  Accordingly, the Court adopts the R&R in this regard, denies the Petition, dismisses this matter, and denies as moot Mr. Pittman's Application to Proceed in District Court Without Prepaying Fees or Costs.

As to the magistrate judge's recommendation denying Mr. Pittman's request to seal the entire record, the Court agrees with the recommendation and find no clear error.  The Local Rules require the identification of specific passages for redaction or a focused sealing proposal, D. Minn. L.R. 5.6, and Mr. Pittman's blanket request to seal the entire record is too broad.  Moreover, Mr. Pittman lodged no objections to this portion of the R&R. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (stating that portions of an R&R to which no specific objection are made are reviewed for clear error).  Accordingly, the request to seal the record is denied.

## III.    ORDER

Based on the submissions and the entire file and proceedings herein, **IT IHEREBY ORDERED** that

1. Petitioner's Objections  [Doc. No. 10] are **OVERRULED**.

2. The April 1, 2026 Report and Recommendation [Doc. No. 9] is **ADOPTED**.

3. Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] is **DENIED**.

4. This action's caption is modified to reflect that the sole Respondent is Warden Jared Rardin.

5. This action is **DISMISSED**.

6. Petitioner's Application to Proceed in District Court Without Prepaying Fees or

6

Costs [Doc. No. 2] is **DENIED AS MOOT**.

Dated: June 3, 2026

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge

6